CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
OCT 3 1 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KAREN D. CECIL, | ) |
| Plaintiff, | ) Case No. 7:05CV00003 |
| v. | ) |
| RELIANCE STANDARD LIFE INSURANCE COMPANY, *and* SINGER FURNITURE COMPANY LONG TERM DISABILITY PLAN, | ) MEMORANDUM OPINION |
| | ) By: James C. Turk |
| | ) Senior United States District Judge |
| Defendants. | ) |

This case is before the Court on a Motion for Attorney's Fees and Court Costs filed by the plaintiff, Karen D. Cecil ("Cecil"). The defendants, Reliance Standard Life Insurance Company ("Reliance") and Singer Furniture Company Long Term Disability Plan ("Singer"), have filed a brief in opposition to the plaintiff's motion. The Court has considered the arguments and for the following reasons, the plaintiff's motion is **Denied**.

I.

The plaintiff brought a civil action to contest Reliance's decision to deny her long-term disability benefits under a plan governed by the Employee Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. § 1001 *et seq*. The plaintiff moved for summary judgment. The Court ruled that Reliance's determination to deny benefits was not supported by the administrative record. Specifically, the Court found that Reliance's conclusion that Cecil did not suffer from migraines was not supported by established medical practice.

1

The Court, however, did not find that Cecil was entitled to long-term disability benefits because an evidentiary record was lacking as to whether Cecil's migraines, and other impairments, would classify her as disabled under the ERISA plan. The case was remanded to the defendants to develop an administrative record to make this determination. This motion for attorney's fees and costs by the plaintiff ensued.

## II.

ERISA provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). Thus, ERISA places the determination of whether attorney's fees and costs should be awarded, completely within the discretion of the Court. See Quesinberry v. Life Ins. Co. of North America, 987 F.2d 1017, 1028 (4th Cir. 1993).

This Circuit has adopted a five factor test to guide the district court's exercise of discretion in awarding attorney's fees under ERISA. Id. at 1029. The five factors are: (1) The degree of opposing parties' culpability or bad faith; (2) The ability of opposing parties to satisfy an award of attorney's fees; (3) Whether an award of attorney's fees against the opposing parties would deter other persons acting under similar circumstances; (4) Whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) The relative merits of the parties' positions. Id. The Court, however, need not conduct this evaluation in the instant case because the plaintiff is not a "prevailing party."

Only a prevailing party is entitled to consideration for attorney's fees in an ERISA action. See Griggs v. E.I. Dupont de Nemours & Co., 385 F.3d 440, 453 (4th Cir. 2004) ("Although the [ERISA] statute is silent . . . we have interpreted section 1132 as authorizing an award of

2

attorney's fees only to a prevailing party."). The term "prevailing party" is a legal term of art. Id. The plaintiff must have received at least some relief on the merits of her claim before she can be said to prevail. Id. Here, the plaintiff is not a prevailing party because the Court did not decide that she was entitled to long-term disability benefits, but only that the defendants incorrectly denied her request for benefits based on an inadequate administrative record.

The Court found that Reliance's determination that the plaintiff did not suffer from migraines was contradictory to the administrative record and established medical practice. This, however, did not entitle her to relief on her claim for benefits because a further determination was required as to whether her migraines would classify her as disabled under the ERISA plan at issue. See Custer v. Pan American Life. Ins. Co., 12 F.3d 410, 423 (4th Cir. 1993) ("[A Party] must demonstrate more than merely being the prevailing party on a single issue to demand entitlement to attorney's fees . . . ."). Thus, the plaintiff did not prevail on her claim for benefits and the Court only ruled that a remand was required in order to develop further evidence to sufficiently decide the claim.

In addition, the plaintiff is incorrect in her assertion that the Court found that the defendant improperly considered evidence of a person other than the plaintiff. The Court did not reach the issue because the defendant's denial of benefits was incorrect based on, *inter alia*, established medical practice. The Court only ruled that the defendant should consider evidence pertaining to the plaintiff upon remand.

3

Since the plaintiff is not a prevailing party as to her claim, her motion for attorney's fees and costs is **Denied**. The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to counsel of record for both the plaintiff and the defendants.

ENTER: This 31st day of October, 2005.

James C. Turk
Senior United States District Judge